IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY ALBERT BUSH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV 105-196 |
| | ) | (CR 197-28) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Movant has filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The motion is now before the Court for initial review under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED**, and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

After movant pleaded guilty to conspiracy to distribute cocaine in violation of Title 21, United States Code, Section 846, the court sentenced him on January 16, 1998, to 262

---

[1] The government has filed a motion to dismiss the Section 2255 motion. Because the Court is denying the motion in its Rule 4 review, the government's motion to dismiss should be **DENIED** as **MOOT**.

months in prison. The court entered its judgment on January 23, 1998. Movant did not appeal his sentence.

Movant filed the instant Section 2255 motion on November 23, 2005. In the motion, he claims that he was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005).

## II. DISCUSSION

A prisoner must file for relief under Section 2255 within one year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Movant's conviction became final on February 3, 1998, the date that his ten-day period for filing a notice of appeal expired. This motion was filed almost eight years later.

While movant does not raise the statute of limitations issue in his motion and did not respond to the government's motion to dismiss, he may assert that his one-year limitations period should run from the date of the Booker decision,[2] on which his claims rely, rather than the date his conviction became final. The limitations period may run from the date a right

---

[2] Booker was decided on January 12, 2005.

2

was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Id. § 2255 ¶6(3).

Neither the Supreme Court nor the Eleventh Circuit, however, has made Booker retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005) (finding Booker not to be "watershed rule of criminal procedure" and thus not retroactively applicable on collateral review). As such, the Eleventh Circuit has found that "the new rule in . . . Booker is not retroactively applicable to cases on collateral review, and, therefore, cannot trigger a later starting date for the statute of limitations under § 2255 ¶6(3)." Hicks v. United States, 146 Fed. Appx. 396, 398 (11th Cir. 2005).

The instant Section 2255 motion was filed almost eight years after movant's conviction became final. Because Booker has not been made retroactively applicable to cases on collateral review, movant's reliance on Booker does not excuse the late filing.

## III. CONCLUSION

The Court finds the instant Section 2255 motion to be untimely. The Court therefore **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED,** and that this civil action be **CLOSED**.[3]

---

[3]The Court also recommends that the government's motion to dismiss, to which no answer has been filed, be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

```
                              /s/ W. Leon Barfield
                              W. LEON BARFIELD
                              UNITED STATES MAGISTRATE JUDGE
```